IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

TESSERACTION GAMES INC.,                                   Civ. No. 03-6280-AA
an Oregon Corporation,                                     OPINION AND ORDER

        Plaintiff,

   v.

GMX MEDIA, an unincorporated
association doing business in the United
Kingdom; MIKE BRIGHT, JON
DESBOROUGH, PAUL WHITE,
ISAAC BROWN, STEVEN HARDING,
BARRY LEONARD and MARCUS
AYODELE, individually; GM
COMPANIES UK LIMITED, a private
limited company incorporated in the
United Kingdom; and GMX MEDIA
SOFTWARE LIMITED, a private
limited company incorporated in the
United Kingdom,

        Defendants.

1    - OPINION AND ORDER

Gregory E. Skillman
Danna C. Fogarty
Skillman Fogarty P.C.
576 Olive Street, Suite 200
P.O. Box 10208
Eugene, OR 97440-2208
      Attorneys for plaintiff

GMX Media Software Limited
78 York Street
London, England
United Kingdom W1H 1DP
      Defendant Pro Se

AIKEN, Judge:

      Plaintiff brings this diversity action for breach of contract and conversion pursuant to 28 U.S.C. § 1332(a)(2). All defendants have been dismissed except for defendant GMX Media Software Limited, who is unrepresented by counsel. Pursuant to Fed. R. Civ. P. 56, plaintiff moves for summary judgment against the remaining defendant. Plaintiff was unable to confer with defendant prior to filing this motion. Plaintiff confirmed with defendant's prior counsel that he no longer represents the defendant and was no longer in contact with it. Plaintiff attempted by last know fax number and telephone number to contact the defendant without success. Plaintiff served, via United States mail, a copy of the motion at bar on defendant's last known address in London, England. Plaintiff similarly served David Wilmott, a director and the sole shareholder of defendant, at the address listed in defendant's Certificate of Incorporation, in Sunderland, England.

      The court has not received any opposition to plaintiff's motion from the defendant, therefore, the court will consider this motion unopposed.

///

///

2   - OPINION AND ORDER

I.  BACKGROUND

Plaintiff Tesseraction Games Inc. (Tesseraction) is an Oregon corporation, located in Eugene, Oregon.  Second Amended Complaint p. 2.  Tesseraction develops and sells video games, and is the creator, developer and owner of exclusive rights to a computer video game entitled *Enigma: Rising Tide*.  Second Amended Complaint p. 2-3.  Defendant is a company located in the United Kingdom, engaged in a joint venture to manufacture, distribute, promote and sell computer video games in the United Kingdom and Europe.  Second Amended Complaint p. 3.

Under the terms of the Distribution Agreement at issue between plaintiff and defendant, plaintiff gave defendant the authority to manufacture copies, distribute, promote and sell *Enigma: Rising Tide* to wholesalers and retailers of videogames in Europe.  Second Amended Complaint p. 4.  Tesseraction alleges in its complaint that defendant was required to pay plaintiff royalties of forty percent of each game sold, or not less than $1,657,000.  Second Amended Complaint p. 4.  Between March 14, 2003, and June 9, 2003, defendant made royalty payments to Tesseraction totaling $43,897.  Second Amended Complaint p. 5.  Plaintiff alleges that between April and August 2003, defendant continued to sell copies of *Enigma: Rising Tide* in the European market, but failed to pay any royalties to Tesseraction due under the distribution agreement.  Second Amended Complaint p. 5-6.  Consequently, plaintiff filed suit in this court for breach of contract and conversion.

Plaintiff alleges that it has been damaged in the amount of $1,613.103 as a result of material breaches of the Distribution Agreement.  This amount represents the balance of the royalties remaining due under the Distribution Agreement.  Moreover, on May 26, 2006, plaintiff obtained a judgment from this court against defendant Mike Bright in the amount of $1,613,103 plus costs.

///

## II.  STANDARD OF REVIEW

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  Substantive law on an issue determines the materiality of a fact.  T.W. Electrical Service, Inc. v. Pacific Electrical Contractors Assoc., 809 F.2d 626, 630 (9th Cir. 1987).  Whether the evidence is such that a reasonable jury could return a verdict for the nonmoving party determines the authenticity of a dispute.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The moving party has the burden of establishing the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  If the moving party shows the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and identify facts which show a genuine issue for trial.  Id. at 324.

Special rules of construction apply when evaluating summary judgment motions: (1) all reasonable doubts as to the existence of genuine issues of material fact should be resolved against the moving party; and (2) all inferences to be drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party.  T.W. Electrical, 809 F.2d at 630.

## III.  DISCUSSION

Plaintiff presents evidence that the Distribution Agreement here was entered into in "the ordinary course of the business" of the defendant and others.  The businesses operated from the same Registered Office at 78 York Street, London, England, used the same "GMX" logo in their advertising, used the same National Westminister Bank, and all had a common agent in defendant

4    - OPINION AND ORDER

Mike Bright. Defendant Mike Bright signed the Distribution Agreement for defendant GMX Media while also acting as an agent for defendant GMX Media Software Limited. Plaintiff relies on evidence in the record that during all relevant times, GMX Media Software Limited and GMX Media acted as principal and agent for the other. I find that GMX Media Software Limited is jointly and severally liable with the joint venturers, including defendant Mike Bright, for the harm suffered by plaintiff from the breach of the Distribution Agreement and conversion of the software and the royalties due.

Further, plaintiff alleges that the defendants acted as principal and agent for each other when executing and partially performing the Distribution Agreement. Even if this court assumes that a formal joint venture did not exist between GMX Media Software Limited and the other defendants, there is evidence that defendant Mike Bright acted as an agent for GMX Media Software Limited when he secured the 78 York Street location for GMX Media Software Limited's Registered Office, when he listed 78 York Street as the Registered Office for GMX Media Software Limited on Page 1 of the Distribution Agreement, and when he executed the Distribution Agreement. Mike Bright, at the 78 York Street address, was the individual with whom plaintiff communicated when disputes arose during the time the contract was in force, including the time that GMX Media Software Limited sold 2000 copies of *Enigma: Rising Tide* without paying any royalties. Finally, Mike Bright, at 78 York Street, was one of the individuals to whom plaintiff's counsel directed the letter declaring the Distribution Agreement in breach. A principle may be bound to a third person for the act of the agent completely outside of the agent' implied or express authority, if the principle has clothed the agent with apparent authority to act on its behalf. Kantor v. Boise Cascade Corp., 75 Or. App. 698, 707, 708 P.2d 356 (1985), rev. denied, 300 Or. 506, 713 P.2d 1058 (1986). Apparent authority

may also be created by placing the agent in a managerial position.  Id. (internal citation omitted). Here, there is evidence that GMX Media Software Limited "clothed" defendant Mike Bright with apparent authority to act on behalf of GMX Media Software Limited, and Bright exercised that authority when he executed the Distribution Agreement.  It was therefore reasonable for plaintiff to assume that Mike Bright had the authority to act for GMX Media Software Limited; and as an agent for GMX Media Software Limited, Mike Bright bound his principal to the terms of the Distribution Agreement.

As to the royalties owed plaintiff by GMX Media Software Limited, GMX Media Software Limited responded to plaintiff's interrogatory that it was "unaware of any royalties it has paid to plaintiff" for any sales.  Plaintiff contends, and the record supports, that GMX Media Software Limited failed to pay royalties to plaintiff on the 2000 games it distributed and sold to Hi-Games on April 24, 2003, from which it earned 30,000 pounds.  The timely and full payment of royalties of 40% for every sale of *Enigma: Rising Tide* made by GMX Media Software Limited was a material term of the Distribution Agreement.  Here, plaintiff developed the *Enigma: Rising Tide* computer video game and performed all other duties it was obligated to perform under the Distribution Agreement including providing the game to GMX Media Software Limited and the other joint venturers for manufacture, promotion, distribution and sale.  Plaintiff then received a small portion of the royalties due from sale of the game, however, GMX Media Software Limited and the other joint venturers then ceased making royalty payments.  Therefore, I find GMX Media Software in breach of the Distribution Agreement.  Plaintiff is entitled to summary judgment against GMX Media Software Limited, including all royalties due, and recovery of all unsold copies of *Enigma: Rising Tide* computer video game.

///

///

IV.  <u>CONCLUSION</u>

Plaintiff's motion for summary judgment (doc. 76) is granted.

IT IS SO ORDERED.

Dated this <u> 16 </u> day of July 2006.


_____/s/ Ann Aiken_____
Ann Aiken
United States District Judge

_____